MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
DAVID ALBERTI, Bar No. 220625
david.alberti@dlapiper.com
CHRISTINE K. CORBETT, Bar No. 209128
christine.corbett@dlapiper.com
YAKOV M. ZOLOTOREV, Bar No. 224260
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON, Bar No. 230873
carrie.williamson@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

Attorneys for Plaintiff-Counterclaim Defendant,
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN MICROSYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff-Counterdefendant,<br><br>v.<br><br>NETWORK APPLIANCE, INC., a Delaware corporation,<br><br>Defendant-Counterplaintiff. | CASE NO.  C-08-1641 EDL<br><br>**SUN MICROSYSTEMS, INC.'S REPLY TO NETWORK APPLIANCE, INC.'S ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

### REPLY TO COUNTERCLAIM

Plaintiff-Counterclaim Defendant Sun Microsystems, Inc. ("Sun") responds as follows to the Answer and Counterclaim of Defendant-Counterplaintiff Network Appliance, Inc. ("NetApp"):

### THE PARTIES AND THE NATURE OF THIS ACTION

1. Sun incorporates by reference paragraphs 1-14 of its Complaint as though fully set

DLA PIPER US LLP
EAST PALO ALTO

WEST\21407618.2
347155-000029

-1-
SUN'S REPLY TO NETWORK APPLIANCE'S COUNTERCLAIMS TO COMPLAINT
– USDC CASE NO. C-08-1641 EDL

1  forth herein.
2      2. Sun denies the allegations of paragraph 2 of the Counterclaim.
3      3. Sun denies the allegations of paragraph 3 of the Counterclaim.
4      4. Sun admits that this Counterclaim arises under the patent laws of the United
5  States. Sun denies the remaining allegations of paragraph 4 of the Counterclaim.

## JURISDICTION AND VENUE

7      5. Sun lacks sufficient knowledge or information to admit or deny the allegations of
8  paragraph 5 of the Counterclaim, and, on that basis, denies them.
9      6. Sun admits the allegations of paragraph 6 of the Counterclaim.
10     7. Sun admits that this Court has personal jurisdiction over Sun because it maintains
11 its principal place of business within the Northern District of California. Sun denies the
12 remaining allegations of paragraph 7 of the Counterclaim.
13     8. Sun admits the allegations of paragraph 8 of the Counterclaim.
14     9. Sun admits the allegations of paragraph 9 of the Counterclaim.
15     10. Sun admits that an actual and justiciable controversy exists between NetApp and
16 Sun as to whether United States Patent No. 6,965,951, United States Patent No. 6,151,683, United
17 States Patent No. 6,182,249, United States Patent No. 6,484,200 (collectively, "the Sun Patents-
18 in-Suit") are infringed, valid and enforceable against NetApp. Sun denies the remaining
19 allegations of paragraph 10 of the Counterclaim.
20     11. Sun admits the allegations of paragraph 11 of the Counterclaim.

## FIRST COUNTERCLAIM
**(Infringement of the '351 Patent)**

23     12. Sun incorporates by reference its responses to the allegations of paragraphs 1
24 through 11 of these Counterclaims, inclusive.
25     13. Sun admits that United States Patent No. 6,516,351 bears the quoted title
26 "Enforcing Uniform File-Locking for Diverse File-Locking Protocols" and appears on its face to
27 have been issued by the United States Patent and Trademark Office on February 4, 2003. Sun
28 lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph

DLA PIPER US LLP
EAST PALO ALTO

WEST\21407618.2
347155-000029

-2-
SUN'S REPLY TO NETWORK APPLIANCE'S COUNTERCLAIMS TO COMPLAINT
– USDC CASE NO. C-08-1641 EDL

13 of the Counterclaim, and, on that basis, denies them.

14. Sun denies the allegations of paragraph 14 of the Counterclaim.

15. Sun denies the allegations of paragraph 15 of the Counterclaim.

16. Sun denies the allegations of paragraph 16 of the Counterclaim.

17. Sun denies the allegations of paragraph 17 of the Counterclaim.

18. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 18 of the Counterclaim.

## SECOND COUNTERCLAIM
### (Infringement of the '097 Patent)

19. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 11 of these Counterclaims, inclusive.

20. Sun admits that United States Patent No. 7,293,097 bears the quoted title "Enforcing Uniform File-Locking for Diverse File-Locking Protocols" and appears on its face to have been issued by the United States Patent and Trademark Office on November 6, 2007. Sun lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 20 of the Counterclaim, and, on that basis, denies them.

21. Sun denies the allegations of paragraph 21 of the Counterclaim.

22. Sun denies the allegations of paragraph 22 of the Counterclaim.

23. Sun denies the allegations of paragraph 23 of the Counterclaim.

24. Sun denies the allegations of paragraph 24 of the Counterclaim.

25. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 25 of the Counterclaim.

## THIRD COUNTERCLAIM
### (Infringement of the '152 Patent)

26. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 11 of these Counterclaims, inclusive.

DLA PIPER US LLP
EAST PALO ALTO

WEST\21407618.2
347155-000029

-3-
SUN'S REPLY TO NETWORK APPLIANCE'S COUNTERCLAIMS TO COMPLAINT
– USDC CASE NO. C-08-1641 EDL

27. Sun admits that United States Patent No. 7,293,152 bears the quoted title "Consistent Logical Naming of Initiator Groups" and appears on its face to have been issued by the United States Patent and Trademark Office on November 6, 2007. Sun lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 27 of the Counterclaim, and, on that basis, denies them.

28. Sun denies the allegations of paragraph 28 of the Counterclaim.

29. Sun denies the allegations of paragraph 29 of the Counterclaim.

30. Sun denies the allegations of paragraph 30 of the Counterclaim.

31. Sun denies the allegations of paragraph 31 of the Counterclaim.

32. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 32 of the Counterclaim.

## FOURTH COUNTERCLAIM
### (Infringement of the '305 Patent)

33. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 11 of these Counterclaims, inclusive.

34. Sun admits that United States Patent No. 7,328,305 bears the quoted title "Dynamic Parity Distribution Technique" and appears on its face to have been issued by the United States Patent and Trademark Office on February 5, 2008. Sun lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 34 of the Counterclaim, and, on that basis, denies them.

35. Sun denies the allegations of paragraph 35 of the Counterclaim.

36. Sun denies the allegations of paragraph 36 of the Counterclaim.

37. Sun denies the allegations of paragraph 37 of the Counterclaim.

38. Sun denies the allegations of paragraph 38 of the Counterclaim.

39. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 39 of the Counterclaim.

DLA PIPER US LLP
EAST PALO ALTO

WEST\21407618.2
347155-000029

-4-
SUN'S REPLY TO NETWORK APPLIANCE'S COUNTERCLAIMS TO COMPLAINT
-- USDC CASE NO. C-08-1641 EDL

## FIFTH COUNTERCLAIM

### (Declaratory Judgment Re: the '951 Patent)

40. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 11 of these Counterclaims, inclusive.

41. Sun admits that it is the owner of the entire right, title and interest in and to United States Patent No. 6,965,951, titled "Device Centric Discovery and Configuration for Fabric Devices." Sun denies the remaining allegations of paragraph 41 of the Counterclaim.

42. Sun admits the allegations of paragraph 42 of the Counterclaim.

43. Sun denies the allegations of paragraph 43 of the Counterclaim.

44. Sun denies the allegations of paragraph 44 of the Counterclaim.

45. Sun denies the allegations of paragraph 45 of the Counterclaim.

46. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 46 of the Counterclaim.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment Re: the '683 Patent)

47. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 11 of these Counterclaims, inclusive.

48. Sun admits that it is the owner of the entire right, title and interest in and to United States Patent No. 6,151,683, titled "Rebuilding Computer States Remotely." Sun denies the remaining allegations of paragraph 48 of the Counterclaim.

49. Sun admits the allegations of paragraph 49 of the Counterclaim.

50. Sun denies the allegations of paragraph 50 of the Counterclaim.

51. Sun denies the allegations of paragraph 51 of the Counterclaim.

52. Sun denies the allegations of paragraph 52 of the Counterclaim.

53. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 53 of the Counterclaim.

## SEVENTH COUNTERCLAIM

**(Declaratory Judgment Re: the '249 Patent)**

54. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 11 of these Counterclaims, inclusive.

55. Sun admits that it is the owner of the entire right, title and interest in and to United States Patent No. 6,182,249, titled "Remote Alert Monitoring and Trend Analysis." Sun denies the remaining allegations of paragraph 55 of the Counterclaim.

56. Sun admits the allegations of paragraph 56 of the Counterclaim.

57. Sun denies the allegations of paragraph 57 of the Counterclaim.

58. Sun denies the allegations of paragraph 58 of the Counterclaim.

59. Sun denies the allegations of paragraph 59 of the Counterclaim.

60. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 60 of the Counterclaim.

## EIGHTH COUNTERCLAIM

**(Declaratory Judgment Re: the '200 Patent)**

61. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 11 of these Counterclaims, inclusive.

62. Sun admits that it is the owner of the entire right, title and interest in and to United States Patent No. 6,484,200, titled "Distinguished Name Scoping System for Event Filtering." Sun denies the remaining allegations of paragraph 62 of the Counterclaim.

63. Sun admits the allegations of paragraph 63 of the Counterclaim.

64. Sun denies the allegations of paragraph 64 of the Counterclaim.

65. Sun denies the allegations of paragraph 65 of the Counterclaim.

66. Sun denies the allegations of paragraph 66 of the Counterclaim.

67. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 67 of the Counterclaim.

DLA PIPER US LLP
EAST PALO ALTO

WEST\21407618.2
347155-000029

-6-
SUN'S REPLY TO NETWORK APPLIANCE'S COUNTERCLAIMS TO COMPLAINT
– USDC CASE NO. C-08-1641 EDL

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The Counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Non-Infringement)

As and for a separate affirmative defense, Sun alleges that it has not and does not directly, indirectly, contributorily and/or by inducement, infringe any claim of United States Patent No. 6,516,351, United States Patent No. 7,293,097, United States Patent No. 7,293,152 and United States Patent No. 7,328,305 (collectively, "the NetApp Patents-in-Suit"), literally or under the doctrine of equivalents.

### Third Affirmative Defense
### (Invalidity/Unenforceability)

As and for a separate affirmative defense, Sun alleges that one or more claims of each of the NetApp Patents-in-Suit are invalid or unenforceable for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

### Fourth Affirmative Defense
### (Patent Marking)

As and for a separate affirmative defense, Sun alleges on information and belief that any claim for damages for patent infringement by NetApp is limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

### Fifth Affirmative Defense
### (Limitation on Damages)

As and for a separate affirmative defense, Sun alleges on information and belief that NetApp's recovery for alleged infringement of the NetApp Patents-in-Suit, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its claims,

DLA PIPER US LLP
EAST PALO ALTO

WEST\21407618.2
347155-000029

-7-
SUN'S REPLY TO NETWORK APPLIANCE'S COUNTERCLAIMS TO COMPLAINT
– USDC CASE NO. C-08-1641 EDL

pursuant to 35 U.S.C. § 286.

## Sixth Affirmative Defense
### (Prosecution History Estoppel)

As and for a separate affirmative defense, by reason of proceedings in the Patent and Trademark Office during the prosecution of the applications that resulted in the NetApp Patents-in-Suit, as shown by their file histories, and by reason of the amendment, cancellation or abandonment of claims, and the admissions and other amendments made therein by or on behalf of the patentee, NetApp is estopped to claim a construction of any of the NetApp Patents-in-Suit that would cause any valid claim thereof to cover or include any product manufactured, used, sold or offered for sale by Sun.

## Seventh Affirmative Defense
### (Unenforceability – Inequitable Conduct '351 and '097 patents)

As a separate affirmative defense, Sun alleges that the '351 and '097 patents are unenforceable. In 1996, NetApp published an article by Andy Watson, entitled "Multiprotocol Data Access: NFS, CIFS, and HTTP (TR-3014)," Network Appliance, Mountain View, California (December 1996) ("the Watson article"). The Watson article teaches a system for accessing data in file servers using multiple protocols, such as NFS and CIFS, along with security and file locking mechanisms for accessing files using multiple protocols. The Watson article further discloses a number of software products, which provided the capability to access data using multiple file access protocols, including SAMBA, ATT Advanced Server for UNIX (ASU), Syntax TotalNET Advanced Server (TAS), Hummingbird NFS Maestro, and Windows Service for UNIX (SFU) by Microsoft. Therefore, the Watson article and software products disclosed therein contain information highly material to the patentability of one or more claims of the '351 and '097 patents. Prior to the issuance of the '351 and '097 patents, at least Andrea Borr, the named inventor of both patents, was aware of the Watson article, having co-authored a publication which cited the Watson article. (*See* Dave Hitz, Bridget Allison, Andrea Borr, Rob Hawley, and Mark Muhlestein, "Merging NT and UNIX filesystem permissions," Proceedings of the 2nd conference on USENIX Windows NT Symposium Vol. 2 (Aug. 3-4, 1998).) However,

DLA Piper US LLP
East Palo Alto

WEST\21407618.2
347155-000029

-8-
SUN'S REPLY TO NETWORK APPLIANCE'S COUNTERCLAIMS TO COMPLAINT
- USDC CASE NO. C-08-1641 EDL

none of the individuals substantively involved in the prosecution of the '351 and '097 patents, including but not limited to Ms. Borr, disclosed the Watson article or the software products disclosed therein to the USPTO during the prosecution of the '351 or '097 patents. On information and belief, NetApp, Ms. Borr and/or one or more of the other individuals substantively involved in the prosecution of the '351 and '097 patents withheld this highly material information from the USPTO with the intent to deceive the USPTO.

### Eighth Affirmative Defense
### (Unenforceability – Inequitable Conduct '152 patent)

As a separate affirmative defense, Sun alleges on information and belief that the '152 patent is unenforceable. Prior to the issuance of the '152 patent, the named inventors and/or others substantively involved in prosecuting the application leading the '152 patent (collectively, "the '152 Applicants") were aware of information material to the patentability of the claims of the '152 patent, but withheld, concealed and/or mischaracterized that information with the intent to deceive the United States Patent and Trademark Office ("USPTO"). The withheld information includes but is not limited to U.S. Patent Pub. No. 2004/0233910 ("the '910 Publication"), and the Examiner's related rejections in co-pending U.S. Patent Application No. 10/215,917 ("'917 Application"). One or more of the '152 Applicants knew of '910 Publication and the related rejections, since the '910 Publication was cited as anticipatory prior art by the Examiner in the co-pending '917 Application. Both of the inventors of the '152 patent are also co-inventors of the '917 Application, and prosecution of each application was handled by the same law firm, Cesari and McKenna. Moreover, during prosecution of the '152 patent, the Examiner found that the claims of the '152 patent were not patentably distinct from the claims of the '917 Application. The '910 Publication is highly material to the patentability of one or more claims of the '152 patent, since it formed the basis for rejection for all claims of the '917 Application in five separate Office Actions, including a Rejection mailed in May, 2006. Nevertheless, the '152 Applicants withheld this highly material information from the USPTO. On information and belief, this highly material information was withheld from the USPTO with the intent to deceive the USPTO.

DLA PIPER US LLP
EAST PALO ALTO

WEST\21407618.2
347155-000029

-9-
SUN'S REPLY TO NETWORK APPLIANCE'S COUNTERCLAIMS TO COMPLAINT
– USDC CASE NO. C-08-1641 EDL

The withheld information further includes, but is not limited to, the following references: U.S. Patent Nos. 5,511,177; 6,618,798; 6,184,655; 6,538,669; and 6,745,207; and Kim, et al., "Volume Management in SAN Environment," Parallel and Distributed Systems, ICPADS Proceeding, IEEE, (June 2001) (collectively, "'152 Unconsidered References"). One or more of the '152 Applicants was aware of each of the '152 Unconsidered References. During prosecution of the '152 patent, the Examiner found that the claims of the '152 patent were patentably indistinct from the claims of co-pending U.S. Patent Nos. 7,107,385 ("the '385 patent") and 7,055,014 ("the '014 patent"). Each of the '152 Unconsidered References was cited during prosecution of either the '385 patent or the '014 patent. Each of the '152 Unconsidered References contain information material to the patentability of one or more claims of the '152 patent. Nevertheless, the '152 Applicants did not disclose this material information to the Examiner. On information and belief, this material information was withheld from the USPTO with the intent to deceive the USPTO.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

1. Sun incorporates by reference its allegations in paragraphs 1 through 11 of its Complaint, its responses to the allegations of paragraphs 1 through 67 of NetApp's Answer and Counterclaims.

2. These Counterclaims arise under the United States patent laws, 35 U.S.C. § 101 *et seq.* These Counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

### FIRST COUNTERCLAIM
(Declaratory Judgment Re: the '351 Patent)

3. NetApp alleges in paragraph 13 of its Counterclaims that it is the owner of the '351 patent, titled "Enforcing Uniform File-Locking for Diverse File-Locking Protocols."

4. NetApp has asserted that Sun infringes the '351 patent.

5. Sun has not infringed, and is not infringing, either directly or indirectly under Section 271, any claim of the '351 patent, either literally or under the doctrine of equivalents.

DLA PIPER US LLP
EAST PALO ALTO

WEST\21407618.2
347155-000029

-10-
SUN'S REPLY TO NETWORK APPLIANCE'S COUNTERCLAIMS TO COMPLAINT
– USDC CASE NO. C-08-1641 EDL

6. One or more claims of the '351 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et seq.*, including without limitation those of sections 102, 103 and/or 112.

7. The '351 patent is unenforceable for at least the reasons alleged in Sun's affirmative defenses, which are incorporated herein by reference.

8. An actual case or controversy exists between Sun and NetApp because NetApp filed a Counterclaim against Sun alleging infringement of the '351 patent. Absent a declaration of non-infringement, invalidity and/or unenforceability, NetApp will continue to wrongfully assert the '351 patent against Sun and thereby cause Sun irreparable injury and damage.

9. This case is exceptional and, pursuant to 35 U.S.C. § 285, Sun is entitled to an award of attorneys' fees.

10. Based on the foregoing, Sun seeks a judgment holding that the '351 patent is not infringed and is invalid and unenforceable.

### SECOND COUNTERCLAIM
(Declaratory Judgment Re: the '097 Patent)

11. NetApp alleges in paragraph 20 of its Counterclaims that it is the owner of the '097 patent, titled "Enforcing Uniform File-Locking for Diverse File-Locking Protocols."

12. NetApp has asserted that Sun infringes the '097 patent.

13. Sun has not infringed, and is not infringing, either directly or indirectly under Section 271, any claim of the '097 patent, either literally or under the doctrine of equivalents.

14. One or more claims of the '097 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et seq.*, including without limitation those of sections 102, 103 and/or 112.

15. The '097 patent is unenforceable for at least the reasons alleged in Sun's affirmative defenses, which are incorporated herein by reference.

16. An actual case or controversy exists between Sun and NetApp because NetApp filed a Counterclaim against Sun alleging infringement of the '097 patent. Absent a declaration

DLA Piper US LLP
EAST PALO ALTO

WEST\21407618.2
347155-000029

-11-
SUN'S REPLY TO NETWORK APPLIANCE'S COUNTERCLAIMS TO COMPLAINT
– USDC CASE NO. C-08-1641 EDL

of non-infringement, invalidity and/or unenforceability, NetApp will continue to wrongfully assert the '097 patent against Sun and thereby cause Sun irreparable injury and damage.

17. This case is exceptional and, pursuant to 35 U.S.C. § 285, Sun is entitled to an award of attorneys' fees.

18. Based on the foregoing, Sun seeks a judgment holding that the '097 patent is not infringed and is invalid and unenforceable.

## THIRD COUNTERCLAIM
### (Declaratory Judgment Re: the '152 Patent)

19. NetApp alleges in paragraph 27 of its Counterclaims that it is the owner of the '152 patent, titled "Consistent Logical Naming of Initiator Groups."

20. NetApp has asserted that Sun infringes the '152 patent.

21. Sun has not infringed, and is not infringing, either directly or indirectly under Section 271, any claim of the '152 patent, either literally or under the doctrine of equivalents.

22. One or more claims of the '152 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et seq.*, including without limitation those of sections 102, 103 and/or 112.

23. The '152 patent is unenforceable for at least the reasons alleged in Sun's affirmative defenses, which are incorporated herein by reference.

24. An actual case or controversy exists between Sun and NetApp because NetApp filed a Counterclaim against Sun alleging infringement of the '152 patent. Absent a declaration of non-infringement, invalidity and/or unenforceability, NetApp will continue to wrongfully assert the '152 patent against Sun and thereby cause Sun irreparable injury and damage.

25. This case is exceptional and, pursuant to 35 U.S.C. § 285, Sun is entitled to an award of attorneys' fees.

26. Based on the foregoing, Sun seeks a judgment holding that the '152 patent is not infringed and is invalid and unenforceable.

DLA PIPER US LLP
EAST PALO ALTO

WEST\21407618.2
347155-000029

-12-
SUN'S REPLY TO NETWORK APPLIANCE'S COUNTERCLAIMS TO COMPLAINT
USDC CASE NO. C-08-1641 EDL

## FOURTH COUNTERCLAIM
### (Declaratory Judgment Re: the '305 Patent)

27. NetApp alleges in paragraph 34 of its Counterclaims that it is the owner of the '305 patent, titled "Dynamic Parity Distribution Technique."

28. NetApp has asserted that Sun infringes the '305 patent.

29. Sun has not infringed, and is not infringing, either directly or indirectly under Section 271, any claim of the '305 patent, either literally or under the doctrine of equivalents.

30. One or more claims of the '305 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et seq.*, including without limitation those of sections 102, 103 and/or 112.

31. The '305 patent is unenforceable for at least the reasons alleged in Sun's affirmative defenses, which are incorporated herein by reference.

32. An actual case or controversy exists between Sun and NetApp because NetApp filed a Counterclaim against Sun alleging infringement of the ' 305 patent. Absent a declaration of non-infringement, invalidity and/or unenforceability, NetApp will continue to wrongfully assert the '305 patent against Sun and thereby cause Sun irreparable injury and damage.

33. This case is exceptional and, pursuant to 35 U.S.C. § 285, Sun is entitled to an award of attorneys' fees.

34. Based on the foregoing, Sun seeks a judgment holding that the '305 patent is not infringed and is invalid and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Sun respectfully requests the following relief:

A.  A declaration that Sun has not infringed and is not infringing, directly or indirectly, any claims of the '351, '097, '152 and '305 patents;

B.  A declaration that the claims of the '351, '097, '152 and '305 patents are invalid;

C.  A declaration that the '351, '097, '152 and '305 patents are unenforceable

1  under the doctrine of inequitable conduct;

2        D.    A declaration that NetApp and each of its officers, employees, agents, alter egos, attorneys, and any other persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Sun claiming that the '351, '097, '152 and '305 patents are infringed, valid or enforceable, or from representing that Sun's products or services, or that others' use thereof, infringe the '351, '097, '152 and '305 patents;

      E.    An award to Sun of attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

      F.    Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Sun respectfully requests a trial by jury, pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: June 12, 2008

DLA PIPER US LLP

By _Madeline K. Corbett_
MARK D. FOWLER
DAVID ALBERTI
CHRISTINE K. CORBETT
YAKOV M. ZOLOTOREV
CARRIE L. WILLIAMSON
Attorneys for Plaintiff-Counterdefendant,
Sun Microsystems, Inc.

DLA PIPER US LLP
EAST PALO ALTO

WEST\21407618.2
347155-000029

-14-
SUN'S REPLY TO NETWORK APPLIANCE'S COUNTERCLAIMS TO COMPLAINT
- USDC CASE NO. C-08-1641 EDL