MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
DAVID ALBERTI, Bar No. 220625
david.alberti@dlapiper.com
CHRISTINE K. CORBETT, Bar No. 209128
christine.corbett@dlapiper.com
YAKOV M. ZOLOTOREV, Bar No. 224260
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON, Bar No. 230873
carrie.williamson@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

Attorneys for Plaintiff/Counterdefendant,
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN MICROSYSTEMS, INC., a Delaware corporation,<br><br>     Plaintiff/Counterdefendant,<br><br>v.<br><br>NETWORK APPLIANCE, INC.<br><br>     Defendant/Counterplaintiff. | CASE NO.  C-08-1641 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

Sun Microsystems, Inc. ("Sun") and NetApp, Inc. (formerly Network Appliance, Inc.)

("NetApp") jointly submit this Case Management Statement and Proposed Order and request the

Court to adopt it as its Case Management Order in this case.

**DESCRIPTION OF THE CASE**

**1.     A brief description of the events underlying the action:**

On March 26, 2008, Sun filed its Complaint for Patent Infringement, alleging that NetApp

has infringed and is infringing, directly and indirectly under 35 U.S.C § 271, United States Patent

Nos. 6,965,951  ("the '951 patent"), 6,151,683  ("the '683 patent"), 6,182,249 ("the '249 patent")

-1-

DLA PIPER US LLP
EAST PALO ALTO

WEST\20295952.1
347155-000029

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-08-1641 EDL

and 6,484,200 ("the '200 patent") (collectively "the Sun Patents") by making, using, selling, or offering for products, services, methods and/or systems, including without limitation the Onaro SANscreen product suite and NAS Insight Software products and network storage devices and systems on which those software products operate. Sun seeks a permanent injunction to prevent future infringements as well as damages adequate to compensate it for NetApp's past infringement and trebling of damages pursuant to 35 U.S.C. § 284 because NetApp's infringement of the Sun Patents is and has been willful.

On May 19, 2008, NetApp filed its Answer and Counterclaim to Sun's Complaint, denying the material allegations of the Complaint and asserting a number of affirmative defenses and counterclaims. NetApp denies infringing any of the Sun Patents and alleges that Sun infringes United States Patent Nos. 6,516,351 ("the '351 patent"), 7,293,097 ("the '097 patent"), 7,293,152 ("the '152 patent") and 7,328,305 ("the '305 patent") (collectively "the NetApp Patents"). NetApp further seeks a declaratory judgment that the Sun Patents are each not infringed, invalid and/or unenforceable. NetApp seeks a permanent injunction to prevent future infringements as well as damages adequate to compensate it for Sun's past infringement and trebling of damages pursuant to 35 U.S.C. § 284 because Sun's infringement of these patents is and has been willful.

On June 12, 2008, Sun filed its Reply to NetApp's Answer and Counterclaims, denying the material allegations of NetApp's Answer and Counterclaim and asserting a number of affirmative defenses and counterclaims. Sun denies infringing any of the NetApp Patents. Sun further seeks a declaratory judgment that the NetApp Patents are each not infringed and are invalid and unenforceable.

        **2.**        **The principal factual issues which the parties dispute:**

(a)      Whether any of the Sun Patents are infringed by any of NetApp's products.

(b)      Whether any of the NetApp Patents are infringed by any of Sun's products.

(c)      Whether any claims of the Sun Patents or the NetApp Patents are invalid.

(d)      If one or more of the Sun Patents are infringed (and not invalid or

DLA PIPER US LLP
EAST PALO ALTO

WEST\20295952.1
347155-000029

-2-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-08-1641 EDL

unenforceable), what damages and/or other relief would be appropriate.

(e)     If one or more of the NetApp Patents are infringed (and not invalid or unenforceable), what damages and/or other relief would be appropriate.

(f)     If one or more of the Sun Patents are infringed (and not invalid or unenforceable), whether that infringement was willful.

(g)     If one or more of the NetApp Patents are infringed (and not invalid or unenforceable), whether that infringement was willful.

**3.     The principal legal issues which the parties dispute:**

(a)     How disputed terms in each asserted claim of the Sun Patents and the NetApp Patents should be construed.

(b)     Whether any claims of the Sun Patents or the NetApp Patents are invalid.

(c)     Whether one or more of the '351 patent, '097 patent, '152 patent, '951 patent, '683 patent, '249 patent and '200 patent are unenforceable due to inequitable conduct before the United States Patent and Trademark Office.

(d)     Whether either party's recovery, if any, is limited to any alleged infringement committed no more than six years prior to the filing of that party's claims pursuant to 35 U.S.C. § 286.

(e)     Whether NetApp is barred from obtaining the relief it seeks due to failure to comply with the marking requirements of 35 U.S.C. § 287 and/or prosecution history estoppel.

(f)     Whether Sun is barred from obtaining the relief it seeks due to laches and/or patent misuse.

(g)     If any infringement of the NetApp Patents or Sun Patents was willful, whether increased damages should be awarded.

(h)     Whether either party is entitled to attorney's fees under 35 U.S.C. § 285 or costs.

///

///

DLA Piper US LLP
East Palo Alto

WEST\20295952.1
347155-000029

-3-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-08-1641 EDL

**4.**    **The other factual issues** *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* **which remain unresolved for the reasons stated below and how the parties propose to resolve those issues:**

No such issues remain unresolved.

**5.**    **The parties which have not been served and the reasons:**

No parties remain to be served.

**6.**    **The additional parties that the below-specified parties intend to join and the intended time frame for such joinder:**

The parties do not intend to join any additional parties.

### CONSENT TO MAGISTRATE JUDGE FOR TRIAL

**7.**    Both parties consent to assignment of this case to Magistrate Judge Laporte for jury trial.

### ALTERNATIVE DISPUTE RESOLUTION

**8.**    A settlement conference before Judge Spero has been scheduled for June 24, 2008.

### DISCLOSURES

**10.**    The parties certify that they have made the following disclosures:

Both parties have timely served their Fed. R. Civ. P. 26(a)(1) initial disclosures.

### DISCOVERY & MOTIONS

**11.**    The parties agree to the following discovery plan:

Stipulated Discovery Limits.

| | | | |
|---|---|---|---|
| Doc. Req.: | Pltf. _no limit_ | Def. _no limit_ |
| Req. Adm.: | Pltf. _no limit_ | Def. _no limit_ |

DLA PIPER US LLP
EAST PALO ALTO

WEST\20295952.1
347155-000029

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-08-1641 EDL

Interrogatories[1]:          Pltf.  <u>40</u>                    Def.  <u>40</u>

**Depositions.**  The parties agree that there should be no limit on the total number of depositions taken by each party.  The parties further agree that the seven-hour limit set forth in Fed. R. Civ. P. 30(d)(2) should apply, with two exceptions.  First, inventor depositions shall be limited to one day per patent.  If a party wishes to exceed these limits without agreement from the other side, the party will need to show good cause.  There is a soft presumptive limit of 14 hours for Rule 30(b)(6) depositions.  Deposition time of someone deposed as an individual does not count towards 30(b)(6) deposition time.  The parties further agree that any deposition transcript from the 6053 Case may be used or relied upon for any purpose in the 5488 Case or 1641 Case (and vice-versa).

**Service by email.**  The parties have agreed that, when practical, documents concerning this action should be served by email to each of the attorneys of record in this action. Documents served by email will be treated as though served by hand on the date email service occurs.  The deadline for serving documents to comply with a discovery, rule-based, or court-ordered deadline is Midnight, Pacific time, except for joint filings which shall be filed by 6:00 p.m. (PST).

**Service of Re-examination Documents.**  In addition to the discovery limits set forth above, the parties agree that they will serve litigation counsel with copies of documents submitted to or received from the USPTO in connection with a request for re-examination of a patent-in-suit.  In the case of documents submitted to the USPTO, service will occur via email on the same day as the submission is made.  In the case of documents received from the USPTO, service will be made via email within three business days of receipt.

**Protective Order.**  The parties filed a stipulated proposed protective order on June 18, 2008.

///

---

[1]  The parties agree that no interrogatory shall be objectionable as containing sub-parts on the ground that a single interrogatory requires a response as to some or all of the patents in suit.

DLA Piper US LLP
East Palo Alto

WEST\20295952.1
347155-000029

-5-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-08-1641 EDL

**Case Schedule.**

The parties' proposed schedule is as follows:

| Event | Date |
|---|---|
| Deadline to serve Rule 26(a) initial disclosures | June 24, 2008 |
| Deadline to submit to court Rule 26(f) conference report | June 24, 2008 |
| Initial Rule 16 Management Conference | July 1, 2008 |
| Deadline for party claiming patent infringement to serve Disclosure of Asserted Claims and Infringement Contentions and produce documents *PR 3-1, 3-2.* | July 16, 2008 |
| Deadline for PR 3-3 Invalidity Contentions (and PR 3-4 document production) to be served.  To extent not already required to be disclosed, exchange Mandatory Disclosures other than information directed solely toward damages. *PR 3-3, 3-4.* | September 2, 2008 |
| Deadline for parties to exchange proposed terms for construction and identify any claim element governed by 35 U.S.C. Section 112(6) *PR 4-1.* | September 19, 2008 |
| Deadline for parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same *PR 4-2.* | October 17, 2008 |
| Deadline to file Joint Claim Construction and Prehearing Statement; provide an estimate of how many pages are needed to brief the dispute. *PR 4-3.* | November 14, 2008 |
| Deadline to complete claim construction discovery *PR 4-4.* | December 19, 2008 |
| Deadline for party claiming patent infringement to file opening claim construction brief *PR 4-5(a).* | January 16, 2009 |
| Deadline to file responsive brief and supporting evidence *PR 4-5(b).* | January 30, 2009 |
| Deadline for party claiming patent infringement to serve and file reply claim construction brief *PR 4-5(c).* | February 13, 2009 |

DLA Piper US LLP
East Palo Alto

WEST\20295952.1
347155-000029

-6-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-08-1641 EDL

| Event | Date |
|-------|------|
| Claim Construction Hearing<br>*PR 4-6.* | March 4, 2009 |

## TRIAL SCHEDULE

**12.     The parties request a trial date as follows:**

Both parties have demanded trial by jury on all issues for which trial by jury is allowed. The parties request that a trial date be set at a Further Case Management Conference following the Court's Markman ruling.

**13.     The parties expect that the trial will last for the following number of days:**

A determination of the number of days required for the trial would best be made at a Further Case Management Conference following the Court's Markman ruling.

## ADDITIONAL ISSUES

**Patent Local Rule 2-1(a):**  With respect to the topics listed in Patent L.R. 2-1(a), the parties do not at this time believe that there is a need for any specific limits on discovery related to claim construction.  The parties believe that it is premature to address whether live testimony should be heard at the claim construction hearing, the order of presentation, or the scheduling of a claim construction pre-hearing conference at this time.  The parties will discuss these issues with each other as discovery proceeds and will make a joint proposal to the Court concerning the logistics for the *Markman* hearing.

///

///

///

///

///

///

DLA PIPER US LLP
EAST PALO ALTO

WEST\20295952.1
347155-000029

-7-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-08-1641 EDL

1

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

2

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the

3

brochure entitled "Dispute Resolution Procedures in the Northern District of California,"

4

discussed the available dispute resolution options provided by the court and private entities and

5

has considered whether this case might benefit from any of the available dispute resolution

6

options.

7

8

Dated: June 24, 2008                                     /s/ Clayton James
                                                    Sun Microsystems, Inc.

9

10

Dated: June 24, 2008

11

DLA PIPER US LLP

12

By    /s/ Christine K. Corbett

13

MARK  D. FOWLER
DAVID ALBERTI

14

CHRISTINE K. CORBETT
YAKOV M. ZOLOTOREV

15

CARRIE L. WILLIAMSON
Attorneys for Plaintiff and Counterdefendant,

16

Sun Microsystems, Inc.

17

18

Dated: June 24, 2008                                     /s/ Gary Ross
                                                    Network Appliance, Inc.

19

20

Dated: June 24, 2008                                     /s/ Edward R. Reines

21

Matthew D. Powers
Edward R. Reines

22

Jeffrey G. Homrig
Jill J. Ho

23

WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway

24

Redwood Shores, CA 94065
Telephone: (650) 802-3000

25

Facsimile: (650) 802-3100

26

Attorneys for Defendant,
Network Appliance, Inc.

27

28

DLA PIPER US LLP
EAST PALO ALTO

WEST\20295952.1
347155-000029

-8-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-08-1641 EDL

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition the Court orders:

_____

_____

_____

_____

Plaintiff is ordered to serve a copy of this order on any party subsequently joined in this action.

Dated: _____    _____

ELIZABETH D. LAPORTE
United States Magistrate Judge

DLA Piper US LLP
East Palo Alto

WEST\20295952.1
347155-000029

-9-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-08-1641 EDL