UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN MICROSYSTEMS, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> NETWORK APPLIANCE, INC., <br><br> Defendant/Counterplaintiff. | CASE NO. 3:08-CV-01641 EDL <br><br> **STIPULATED ADDENDUM TO PROTECTIVE ORDER** |

Defendant Network Appliance, Inc., Plaintiff Sun Microsystems, Inc. and non-party Microsoft Corporation ("Microsoft"), by and through their respective counsel, hereby stipulate to the following Addendum to the Protective Order ("Protective Order") in this action for the protection of "ATTORNEYS' EYES ONLY – SOURCE CODE" (as defined in Paragraph 11 of the Protective Order) of non-party Microsoft ("Microsoft Confidential Information").

WHEREAS, Microsoft is not a party to this litigation; and

WHEREAS Microsoft wishes to protect all Microsoft Confidential Information;

The parties and Microsoft agree and stipulate to the following Addendum to the Protective Order ("Addendum") as to the treatment of Microsoft Confidential Information:

1. Microsoft will make certain source code ("Microsoft Code") available for inspection in a searchable format on a non-networked computer connected to a printer. The Microsoft Code will be available for inspection during business hours on reasonable advance notice (at least three business days in advance) at the offices of Klarquist Sparkman, LLP, One World Trade Center, 121 SW Salmon St., Suite 1600, Portland, Oregon 97204.

2. Each party may print no more than 750 pages (which can be negotiated) of Microsoft Code on 8 ½ by 11 inch watermarked pages pre-labeled with Bates numbers and a confidentiality designation of "ATTORNEYS EYES ONLY – MICROSOFT SOURCE CODE." Prior to leaving the office where inspection and printing of Microsoft has occurred, each party

will provide Microsoft's counsel with the pages it has printed to allow Microsoft's counsel to make and retain a copy of the printed pages. Microsoft may object to allowing a party to print an unreasonable number of pages of the Microsoft Code. If any party believes in good faith that it needs to print more than 750 pages of Microsoft Code, the party may seek a modification of this Protective Order if it can establish that the total number of pages it wishes to print is reasonable and that it has used its best efforts to limit printing of unnecessary pages. Requests to print more than a total of 750 pages, however, will be presumed to be unreasonable. In any event, the parties and Microsoft shall meet and confer if there is a dispute concerning the reasonableness of such requests.

3.  No electronic copies may be made of any Microsoft Code, except by Microsoft. No further copies may be made of any Microsoft Code printed pursuant to paragraph 2 above (other than to provide a copy to Microsoft's counsel as recited in paragraph 2 above). The parties also shall not create electronic images of the source code from the paper copy for use on a computer (e.g., shall not scan the source code to a PDF) and shall not reproduce the source code in any way (e.g. shall not re-type the source code into a word processing document or email).

4.  Each party shall maintain and store the paper copy of the Microsoft Code at the offices of its outside counsel in a manner that prevents duplication of, transmittal from, or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use, and shall return each paper copy of the Microsoft Code to Microsoft at the conclusion of this action. Likewise, any documents or things that contain notes regarding or summaries of any portion of Microsoft Code shall be kept in a secure location to preclude access by those not authorized to review Microsoft Code and shall be destroyed at the conclusion of this action. Any party eliciting testimony on oral deposition that contains, summarizes, or discusses Microsoft Code shall designate the testimony ATTORNEYS EYES ONLY – MICROSOFT SOURCE CODE pursuant to the procedures and protections set forth in paragraph 19 of the original Protective Order entered by the Court on June 25, 2008.

5.  The Microsoft Code (including printed pages) may be inspected by outside counsel

-2-

of a party and independent experts only. An "independent expert" excludes any expert who is a party or a current or former officer, director, or employee of a party. In the event that a party intends to disclose the Microsoft Code to an expert or to allow an expert to inspect the Microsoft Code, the party proposing such disclosure shall, at least five (5) business days prior to such disclosure, provide notice to Microsoft (via email to Chris Carraway at chris.carraway@klarquist.com). Such notice shall include a copy of the expert's completed and signed copy of Exhibit 1 hereto, as well as disclosure of (1) the expert's name; (2) the expert's present employer and title, (3) an up-to-date curriculum vitae of the expert; (4) an identification of any work performed by that expert for or on behalf of any party in this action within the four-year period before the filing of this action; and (5) a list of cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last four years. If Microsoft objects to the disclosure of Microsoft Code to the expert, Microsoft will serve a written objection within five (5) business days of receipt of the information set forth above, which objection shall state the basis for Microsoft's objection. Microsoft and the party proposing disclosure shall confer in an attempt to resolve the objection. If Microsoft and the party proposing disclosure are not able to resolve the objection, Microsoft may file a motion in support of its objection within five (5) business days after such conference. If no motion is filed, Microsoft shall be deemed to have withdrawn its objection. In any motion pursuant to this paragraph, Microsoft shall bear the burden of proof of establishing that the expert should not have access to the Microsoft Confidential Information. No disclosure of Microsoft Confidential Information shall be made to the proposed expert until Microsoft and the party proposing disclosure resolve the matter, the objection is withdrawn, or the Court permits such disclosure.

6.  Any person, including outside counsel and independent experts, who inspects or reviews the Microsoft Code, any printed pages thereof, or any documents containing, describing, or summarizing the Microsoft Code, is precluded for a period beginning upon the person's first review of Microsoft Code and ending two years after (1) that person's last review of the Microsoft Code, or (2) the final termination of the litigation, whichever is later, unless Microsoft

-3-

agrees otherwise, from: (i) preparing, prosecuting, or amending any patent application (US, foreign, provisional, non-provisional, reissue, or reexamination) having claims directed to multi-protocol file serving, opportunistic locks, and/or file locking; (ii) assisting, supervising, or advising in any of these activities; and (iii) being a named inventor on any patent application having claims directed to multi-protocol file serving, opportunistic locks, and/or file locking.

7.     Materials that are designated as "ATTORNEYS EYES ONLY – MICROSOFT SOURCE CODE" may be disclosed to only the following:

(a) Those independent experts who complete Exhibit 1 and are disclosed to and approved by Microsoft;

(b) Outside counsel of record, including employees of outside counsel of record assigned to and necessary to assist outside counsel in the preparation and trial of this action; and

(c) The Court, jury, court personnel, and court reporters or videographers recording the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom.

Only those persons identified immediately above (paragraph 7(a) through (c)) may have access to ATTORNEYS EYES ONLY – MICROSOFT SOURCE CODE. Under no condition may any person disclose, in whole or in part, copies of or the substance of ATTORNEYS EYES ONLY – MICROSOFT SOURCE CODE to any unauthorized person, including any officer, director, in-house counsel, former employees, employees, or other technical or litigation consultants or experts of a party.

8.     Notwithstanding any contrary provision of the Protective Order, in the event that a party wishes to elicit testimony or use or disclose documents or transcripts at trial, hearing or any other proceeding which contain or refer to Microsoft Code, the party shall request (i) that the Microsoft Confidential Information be filed under seal, (ii) that the portions of the record of any proceeding containing Microsoft Confidential Information be sealed; (iii) that persons other than outside counsel of record in this action, outside consultants and experts (as defined by Paragraph 10(d) of the Protective Order), court personnel, jurors, and court reporters be excluded from the proceedings during the disclosure of Microsoft Confidential Information.

-4-

9. The party planning to use or disclose Microsoft Confidential Information during trial, hearing, or other proceeding shall provide written notice to Microsoft of such intent at least seven (7) business days prior to the proceeding. Such notice shall be served by e-mail on counsel for Microsoft, at chris.carraway@klarquist.com.

10. Documents and things produced, including expert reports, that contain, in whole or in part, ATTORNEYS EYES ONLY – MICROSOFT SOURCE CODE, notes pertaining to ATTORNEYS EYES ONLY – MICROSOFT SOURCE CODE, or summaries of any part of ATTORNEYS EYES ONLY – MICROSOFT SOURCE CODE must be designated as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document, at or before the time of production with the designation "ATTORNEYS EYES ONLY – MICROSOFT SOURCE CODE."

11. ATTORNEYS EYES ONLY – MICROSOFT SOURCE CODE, any excerpts therefrom, and any documents containing, summarizing, or describing any such source code may only be transported within the direct control of a person authorized under paragraph 7(a) through (c) ("Authorized Person"), except for shipments on paper via Federal Express or other similar courier service directly from one Authorized Person to another Authorized Person for the purposes of filing, lodging, or submitting to the Court or for service upon Authorized Persons to view OUTSIDE COUNSEL EYES ONLY SOURCE CODE. Under no circumstances may OUTSIDE COUNSEL EYES ONLY SOURCE CODE be transmitted electronically.

13. Notwithstanding any contrary provisions of the Protective Order, Microsoft Confidential Information shall be used solely in preparation for the trial and/or appeal of the above-identified action. Microsoft Confidential Information shall not be used or disclosed at any other time or for any other purpose whatsoever.

14. Subject to the foregoing additional restrictions and limitations, Microsoft Confidential Information shall be subject to the remaining terms of the original Protective Order in this case.

WEST\21834636.1
-5-
STIPULATED ADDENDUM TO FIRST AMENDED PROTECTIVE ORDER –
USDC CASE NO. C-07-06053 EDL

DLA PIPER US LLP
EAST PALO ALTO

5

IT IS SO STIPULATED.

Dated: November __24__, 2009              Dated: November __24__, 2009


By /s/ Jeffrey G. Homrig                  By /s/ Carrie L. Williamson
   MATT POWERS                              MARK D. FOWLER
   EDWARD R. REINES                         DAVID ALBERTI
   JEFFREY G. HOMRIG                        CHRISTINE K. CORBETT
   JILL J. HO                               YAKOV M. ZOLOTOREV
   WEIL, GOTSHAL & MANGES LLP               CARRIE L. WILLIAMSON
   Attorneys for Defendant                  Attorneys for Plaintiff,
   Network Appliance, Inc.                  Sun Microsystems, Inc.

   Counsel for Plaintiff                    Counsel for Defendants


Dated: November __23__, 2009


By /s/ J. Christopher Carraway
   J. CHRISTOPHER CARRAWAY
   KLARQUIST PARKMAN, LLP

   Counsel for Non-Party Microsoft
   Corporation




So ORDERED AND SIGNED this __30th__ day of __Nov.__, 2009.

_Elizabeth D. Laporte_
Honorable Elizabeth D. Laporte
United States Magistrate Judge

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN MICROSYSTEMS, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> NETWORK APPLIANCE, INC., <br><br> Defendant/Counterplaintiff. | CASE NO. 3:08-CV-01641 EDL <br><br> **[PROPOSED] PROTECTIVE ORDER** |

CONFIDENTIALITY UNDERTAKING OF: _____

1. My home address is:

_____.

2. My present employer is and the address of my present employment is:

_____.

3. My present occupation or job description is:

_____.

4. I have received a copy of the Protective Order ("Protective Order") in this action, as well as a copy of the Stipulated Addendum to the Protective Order regarding Microsoft ("Addendum").

5. I have carefully read and understand the provisions of the Protective Order and Addendum in this action.

6. I will comply with all of the provisions of the Protective Order and Addendum.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order and Addendum, and will use only for purposes of this action in strict compliance with the terms and conditions of the Protective Order and Addendum, any confidential

information which is disclosed to me. I acknowledge that termination of the litigation does not release me from the obligations set out in this paragraph.

8. At the conclusion of this action or my engagement with this action I will return all confidential information that comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained in strict accordance with the provisions of the Protective Order and Addendum.

9. I acknowledge and agree that, if I review information that has been designated as "Attorney's Eyes Only—Microsoft Source Code," I understand that I will be precluded for a period beginning upon my first review of Microsoft Code and ending two years after (1) my last review of the Microsoft Code, or (2) the final termination of the litigation, whichever is later, unless Microsoft agrees otherwise, from: (i) preparing, prosecuting, or amending any patent application (US, foreign, provisional, non-provisional, reissue, or reexamination) having claims directed to multi-protocol file serving, opportunistic locks, and/or file locking; (ii) assisting, supervising, or advising in any of these activities; and (iii) being a named inventor on any patent application having claims directed to multi-protocol file serving, opportunistic locks, and/or file locking.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

11. Any accompanying resume or curriculum vitae is a complete and accurate statement to the best of my knowledge, and I acknowledge that in submitting such resume or curriculum vitae I know that the receiving party shall rely thereon.

Signature: _____

Date: _____